United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50061
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

CHUONG NGUYEN,

Defendant-Appellant.

--------------------
Appeal From the United States District Court
for the Western District of Texas
SA-05-CR-503-FB
--------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Chuong Nguyen submits a Memorandum for Bail Pending Trial from the district court's order denying his Motion to Revoke the Magistrate Judge's Detention Order. On August 3, 2005, Nguyen was indicted on one count of aiding and abetting money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A). On August 4, 2005, a detention hearing was held before the magistrate judge. The Government argued, and the magistrate agreed, that Nguyen poses a serious flight risk and that there are no release conditions to sufficiently address the risk of his nonappearance for trial. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

question of Nguyen's detention was reopened on August 29, 2005 to allow Nguyen to present additional evidence regarding his risk of flight. Again, the magistrate judge denied bail and ordered pretrial detention. Nguyen appealed to the district court, which summarily affirmed the magistrate's ruling.

"When a district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." U.S. v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992). Absent an error of law, this Court must apply a deferential standard of review and uphold a district court order "if it is supported by the proceedings below." See id. at 586, citing United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1987). "On appeal, the question becomes whether the evidence as a whole supports the conclusions of the proceedings below." Id.

Pursuant to the Bail Reform Act, a defendant should be released pre-trial on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). This is to be determined by a detention hearing. § 3142(e). Detention can be ordered only in a case that involves one of the six circumstances listed in § 3142(f). See United States v. Byrd, 969 F.2d 106, 109 (5th Cir. 1992). "A serious risk that the person

will flee" is one of those six circumstances that warrants detention if there are no release conditions that will reasonable assure appearance of the defendant when required. § 3142(f)(2)(A).

In this case, the evidence as a whole supports the magistrate's finding that Nguyen posed a serious risk of flight. The magistrate's use of the term "unacceptable risk of flight" does not indicate that the magistrate applied the wrong legal standard. Furthermore, the Government carried its burden of showing that there are no release conditions which would sufficiently address the risk of Nguyen's nonappearance. As such, the district court did not err in denying Nguyen's motion to revoke the magistrate judge's detention order. See United States v. Fortna, 769 F.2d 243 (5th Cir. 1985).

The appellant's request for bail pending trial is **DENIED**.